UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:15-CV-80504-ROSENBERG/BRANNON

DANIEL McCOOL, as Personal
Representative of the Estate of Mary J.
McCool, Deceased for the benefit of
the decedent's survivors and estate,

    Plaintiff,

v.

WOODSTREAM CORPORATION, a foreign
Corporation, HOME DEPOT USA, INC., a
foreign corporation & ACCESSORIES
MARKETING, INC., a foreign corporation,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE CONCERNING DETECTIVE BROEHM'S ALLEGED ILLNESS**

This cause is before the Court on Defendants' Motion to Exclude Evidence of Detective Broehm's Illness [DE 156].  The Motion has been fully briefed and the Court heard oral argument on the Motion on May 13, 2016.  In the Motion, Defendants seek to exclude from the jury's consideration the fact that, at the time Detective Broehm investigated the death of Mrs. McCool (whose estate is the Plaintiff in this case), Detective Broehm became violently ill.  Detective Broehm became violently ill when he came in close proximity to a mosquito magnet machine.  That machine is the subject of Plaintiff's strict product liability claims in this case.

Defendants argue that evidence of Detective Broehm's illness is inadmissible pursuant to the Eleventh Circuit's "substantial similarity" doctrine.  The substantial similarity doctrine applies when a plaintiff seeks to introduce evidence of other accidents or occurrences in order to show, *inter alia*, causation.  *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997).  The doctrine "applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not

substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." *Id.* at 1396. The doctrine requires that the other accident or incident occurred under conditions substantially similar to the accident in question and that the other accident must not have occurred in too remote a time. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988). A determination of "the remoteness of the evidence" is within the trial judge's discretion. *Id.*

In considering the application of the substantial similarity test, the Court considers the unique facts of this case.[1] The mosquito magnet machine has limited fuel. It was operating at the time of Detective Broehm's investigation. The purpose of the machine is to attract mosquitos. At the time of her death, Mrs. McCool was preparing her back yard for a party. The machine was presumably operating for that purpose. Mrs. McCool visited Home Depot hours before her death. At Home Depot, she purchased cartridges for the machine. Receipts for that purchase and discarded mosquito magnet cartridge packaging were discovered in her trash can. Thus, there is adequate evidence to reasonably infer that Mrs. McCool was operating the mosquito magnet near the time of her death, and that she was in very close proximity with the machine to install cartridges and otherwise activate the machine.[2]

Detective Broehm came in close contact with the mosquito magnet machine too. As a result of his close contact, he lost the ability to breath, suffered severe choking and vomiting, and started to fall into the pool in which Mrs. McCool died. He was saved from falling into the pool by a fellow officer. After being administered pure oxygen for some period of time, his blood was tested for carbon monoxide. That test showed an unusually high amount of carbon monoxide in his blood. Finally, there is evidence that Mrs. McCool was more sensitive to carbon monoxide gases than the average person because she had an enlarged heart.

---

1 These facts are cited to the record in the Court's Order on Defendants' Motion for Summary Judgment.
2 As discussed at oral argument, evidence that Mrs. McCool installed the cartridges is not limited to the discarded packaging and receipts—the cartridges found in the magnet machine also support that inference.

The Court is not persuaded that the substantial similarity test applies to the evidence of Detective Broehm's illness. This is because Detective Broehm did not develop his symptoms in connection with some other mosquito magnet machine, at some other location, nor did he develop his symptoms at a time far removed from the death of Mrs. McCool. Detective Broehm's evidence of illness is intertwined with the core events of this case. He encountered his symptoms during his investigation into Mrs. McCool's death.[3] While his symptoms were not coterminous with Mrs. McCool's death, they almost were (a matter of hours). The evidence shows that the machine remained in operation from the time of Mrs. McCool's death until the time Detective Broehm was exposed to it. Moreover, the fact that Detective Broehm's reaction to the mosquito magnet was to begin to fall into the pool in which Mrs. McCool drowned (had he not been protected from doing so by a fellow officer) is important to this Court. Finally, soon after experiencing the foregoing, Detective Broehm was tested for carbon monoxide poisoning by a paramedic. That test registered an unusually high level of carbon monoxide in his blood.[4]

In summary, the facts pertaining to Detective Broehm's illness are a continuation of the events surrounding Mrs. McCool's death. Detective Broehm was responsible for investigating Mrs. McCool's death. He observed the same machine for which Mrs. McCool purchased cartridges, in the same location, at almost the same time. The evidence shows that the machine was undisturbed and in operation from the time of Mrs. McCool's death until the time of Detective Broehm's illness. For these reasons, the Court concludes that the substantial similarity test does not apply to this evidence.

---

3 As discussed in the Court's Order on Defendants' Motion for Summary Judgment, Detective Broehm first began to feel unwell while over twenty feet from the mosquito magnet. The Court rejects the argument by Defendants that if Detective Broehm experienced some light dizziness while distant from the magnet machine, and if that dizziness was unrelated to the machine, than as a matter of logic his later **severe** symptoms from being adjacent to the machine **must** be unrelated. The Court also rejects Defendants' argument pertaining to the fact that Detective Broehm, and no one else, became sick. Detective Broehm was the only person to place his face directly adjacent to the mosquito magnet exhaust.

4 Furthermore, Plaintiff has an expert who will testify as to an explanation why neither Mrs. McCool nor Detective Broehm showed any significant traces of carbon monoxide in their blood via a subsequent blood test; this explanation pertains to the fact that both Detective Broehm and Mrs. McCool were administered pure oxygen for an extended period of time prior to the hospital-administered carbon monoxide blood test.

In the alternative, even if the substantial similarity test does apply to Detective Broehm's illness, the Court concludes that this test is met for all of the reasons articulated above. Detective Broehm interacted with the same machine with which Mrs. McCool can reasonably be inferred to have interacted; he did so at the same location soon after Mrs. McCool's death; and his experience with that machine almost caused him to fall into the same pool in which Mrs. McCool was found dead.[5] There is other evidence to show the machine was defective in the form of an on-scene carbon monoxide test and in the form of expert testimony. This evidence is not unfairly prejudicial to Defendants. Defendants have been on notice of the importance of Detective Broehm to this case since the date this case was filed.

The Court briefly addresses the authority cited by Defendants in support of their argument that the substantial similarity test is not met in this case. At oral argument the Court gave Defendants the opportunity to highlight the cases most helpful to their position. In response to the Court's query, Defendants first cited to *Ramirez v. E.R. Dupont de Nemours & Co.*, No. 8:09-CV-321, 2010 WL 3467655, at *2 (M.D. Fla. 2010). That case is unpersuasive because the lack of substantial similarity in that case was derived from persons taking a drug at different times, in different formulations, using different methods, with different frequency, using different equipment, all the while being tested with different modes of methodology. *See id.* Defendants next cited to *Sorrells v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015). That case is unpersuasive because a total of 520 days passed between the primary incident and the proffered similar incident. Defendants then cited to *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1397 (11th Cir. 1997). That case is unpersuasive because the contested auto accidents all involved vehicles that were "pointedly dissimilar" from the vehicle at issue. *Id.* These cases are typical of the cases cited by Defendants in their briefing papers—cases that involve different products, different methodologies, or different times. By contrast, the instant case presents facts

---

5 Mrs. McCool's autopsy revealed contusions under her scalp which could mean that she struck her head in connection with falling into the pool.

4

pertaining to the same machine, at the same location, and nearly the same time. With respect to methodology, the pertinent fact is that Detective Broehm placed his face in close proximity to the mosquito magnet machine and there is evidence to support the reasonable inference that Mrs. McCool did the same and, after doing so, she ended up dead in the same pool in which Detective Broehm nearly fell.

The Court concludes that the proper test in analyzing the admissibility of Detective Broehm's illness is Federal Rule of Evidence 403. The Court concludes that the evidence of Detective Broehm's illness is relevant and its probative value is not substantially outweighed by unfair prejudice—Defendants have been on notice of this evidence since the filing of Plaintiff's complaint. This evidence need not confuse or mislead the jury—Defendants have ample grounds upon which to cross examine Detective Broehm and the expert testimony in this case is sufficient to assist the jury on these issues.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion in Limine to Exclude Evidence of Illness [DE 156] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of May, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record