United States District Court
Southern District of Florida
CASE NO: 9:15-cv-80504 RLR

DANIEL McCOOL, as Personal Representative of the
Estate of MARY J. McCOOL, Deceased, for the benefit
of the decedent's survivors and estate,

                Plaintiff,

v.

WOODSTREAM CORPORATION, a foreign
corporation,

                Defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

The parties submit their joint requested jury instructions for use at trial. The instructions on which the parties agree are titled "Agreed Requested." The instructions to which there are objections are titled "Plaintiff's Proposed" or Defendant's Proposed." In submitting these instructions, the parties do not waive their objections to specific claims or damages made before or during trial and reserve the right to modify their requested instructions based on the evidence adduced at trial and the Court's rulings.

Respectfully submitted on May 19,  2016 by:

s/NICHOLAS C. JOHNSON
THEODORE J. LEOPOLD (Fla. Bar No. 705608)
NICHOLAS C. JOHNSON (Fla. Bar No.: 041227)
Email:  njohnson@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
*Attorneys for Plaintiff*

s/Todd Ehrenreich
Todd  R. Ehrenreich, Esq.
tehrenreich@wwhgd.com; agoenaga@wwhgd.com; salhadeff@wwhgd.com;
dmallqui@wwhgd.com; aheydemann@wwhgd.com; mferrer@wwhgd.com
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
2601 South Bayshore Drive, Suite 1500
Miami, FL  33133
Phone: (305)-455-9500
Fax: (305)-455-9501
*Attorneys for Woodstream Corporation*

# I.      PRELIMINARY INSTRUCTIONS

## PLAINTIFF'S PROPOSED PRELIMINARY INSTRUCTION 1[1]

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

*What is evidence*:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally

---

[1] The language the parties were unable to agree on is shown in boldface type.

see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

*What is not evidence*:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the

opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

*Credibility of witnesses:*

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.


At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

*Description of the case:*

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Daniel McCool, as Personal Representative of the Estate of Mrs. MaryJo McCool, for the benefit of Mrs. McCool's survivors and estate, claims the Defendant Woodstream Corporation **designed and manufactured a defective product called the Mosquito Magnet that had an adverse effect on the health of his wife, MaryJo McCool, causing her injury resulting in her death. Defendant Woodstream denies the Mosquito Magnet is defective and denies it caused Mrs. McCool any injury.**

*Burden of proof:*

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Woodstream on opposite sides of balancing scales, Plaintiff needs to make the scales tip to his side. If Plaintiff fails to meet this burden, you must find in favor of Woodstream.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Woodstream has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Woodstream must prove for any affirmative defense. After considering all the evidence, if you decide that Woodstream has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

*Conduct of the jury:*

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you

understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

*Taking notes:*

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

*Course of the trial:*

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendant Woodstream may ask the witness questions – this is called "cross-examining" the witness. Then Defendant Woodstream will present its witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Authority:** 11th Circuit Pattern Instructions—1.1 General Preliminary Instruction

## <u>DEFENDANT'S PROPOSED PRELIMINARY INSTRUCTION 1</u>

*Defendant's preliminary instruction is identical to Plaintiff's preliminary instruction, with the exception of the "Description of the case." Defendant proposes the following "Description of the case:"*

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Daniel McCool, as Personal Representative of the Estate of Mrs. MaryJo McCool, for the benefit of Mrs. McCool's survivors and estate, claims the Defendant Woodstream Corporation defectively manufactured a product called the Mosquito Magnet that was a proximate cause of this wife's, Mary Jo McCool, death. Defendant Woodstream denies the Mosquito Magnet is defective and that it was a proximate cause of Mrs. McCool's death.

## AGREED REQUESTED PRELIMINARY INSTRUCTION 2

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority:** 11th Circuit Pattern Instructions—1.4 Jury Questions

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## **AGREED REQUESTED PRELIMINARY INSTRUCTION 3**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Authority:** 11th Circuit Pattern Instructions—1.5 Interim Statements

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## II.   <u>TRIAL INSTRUCTIONS</u>

### <u>AGREED REQUESTED TRIAL INSTRUCTION 1</u>

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Authority:** 11th Circuit Pattern Instructions—2.1 Stipulations

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED TRIAL INSTRUCTION 2</u>

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [<u>name of witness</u>], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Authority:** 11th Circuit Pattern Instructions—2.2 Use of Depositions

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED TRIAL INSTRUCTION 3</u>

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [<u>name of attorney</u>] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [<u>name of attorney</u>]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**Authority:** 11th Circuit Pattern Instructions—2.4 Interim Statements

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED TRIAL INSTRUCTION 4</u>

[You'll now hear/You've heard] answers that [<u>name of party</u>] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [<u>name of party</u>] gave the answers in writing while under oath.

You must consider [<u>name of party</u>]'s answers to as though [<u>name of party</u>] gave the answers on the witness stand.

**Authority:** 11th Circuit Pattern Instructions—2.6 Use of Interrogatories

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED TRIAL INSTRUCTION 5</u>

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**Authority:** 11th Circuit Pattern Instructions—2.7 In-Trial Instructions on News Coverage

## AGREED REQUESTED TRIAL INSTRUCTION 6

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

**Authority:** 11th Circuit Pattern Instructions—2.8 Civil *Allen* Charge

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## III.   FINAL INSTRUCTIONS

## AGREED REQUESTED FINAL INSTRUCTION 1

### COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Authority:** 11th Circuit Pattern Instructions—3.1 Introduction

## <u>AGREED REQUESTED FINAL INSTRUCTION 2</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Authority:** 11th Circuit Pattern Instructions—3.2.2 The Duty to Follow Instructions – Corporate Party Involved

## AGREED REQUESTED FINAL INSTRUCTION 3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Authority:** 11th Circuit Pattern Instructions—3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED FINAL INSTRUCTION 4</u>

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Authority:** 11th Circuit Pattern Instructions—3.4 Credibility of Witnesses

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED FINAL INSTRUCTION 5</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority:** 11th Circuit Pattern Instructions—3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED FINAL INSTRUCTION 6</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.


**Authority:** 11th Circuit Pattern Instructions—3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

## AGREED REQUESTED FINAL INSTRUCTION 7

In this case it is the responsibility of the Plaintiff, Mr. McCool, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Authority:** 11th Circuit Pattern Instructions—3.7.1 Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence

## <u>PLAINTIFF'S PROPOSED FINAL INSTRUCTION 8</u>

The claims in this case are as follows. Plaintiff claims that the Mosquito Magnet designed and manufactured by Defendant Woodstream was defective and that the defect in the Mosquito Magnet caused the injury and death of MaryJo McCool.

Plaintiff also claims that Defendant Woodstream was negligent in the design and manufacture of the Mosquito Magnet, and the failure to warn of the defective nature of the Mosquito Magnet, and such negligence caused the injury and death of MaryJo McCool.

Defendant denies these claims.

I will now define some of the terms you will use in deciding this case.

**Authority:** Florida Standard Civil Jury Instruction 403.2—Summary of Claims

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION 8</u>

The claims in this case are as follows. Plaintiff claims that the Mosquito Magnet manufactured by Defendant Woodstream was defective and that the defect in the Mosquito Magnet caused the injury and death of MaryJo McCool.

Defendant denies this claim and also claims that: (1) the injuries and damages were not caused by the subject product or its components, but by some other process, occurrence, and event, over which Defendants exercised no control or right of control; (2) Plaintiff's damages resulted from an intervening cause; and/or (3) Plaintiff or Mrs. McCool failed to properly maintain, inspect, or use the Mosquito Magnet, which was the cause of her death.

Even if Plaintiff proves his claim by a preponderance of the evidence, Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove Plaintiff's claim but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

I will now define some of the terms you will use in deciding this case.

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

**Authority:** Florida Standard Civil Jury Instruction 403.2—Summary of Claims;

11th Circuit Pattern Instructions -- 3.7.2 Responsibility for Proof -- Affirmative

Defense Preponderance of the Evidence

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 9

*a. Manufacturing defect*

A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user or a person in the vicinity of the product and the product is expected to and does reach the user or consumer without substantial change affecting that condition.

A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed even though the manufacturer and seller have exercised all possible care in the preparation and sale of the product.

*b. Design defect*

A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user or a person in the vicinity of the product and the product is expected to and does reach the user without substantial change affecting that condition.

A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer

even though all possible care was exercised in the preparation and sale of the

product.


**Authority:** Florida Standard Civil Jury Instruction 403.7—Strict Liability; *id*. at Note 5 ("When strict liability and negligence claims are tried together, to clarify differences between them it may be necessary to add language to the strict liability instructions to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product." (citing RESTATEMENT (SECOND) TORTS, § 402A(2)(a)));; *Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 510 (Fla. 2015) ("[I]n approaching design defect claims, we adhere to the consumer expectations test, as set forth in the Second Restatement, and reject the categorical adoption of the Third Restatement and its reasonable alternative design requirement.").

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION 9</u>

*a. Manufacturing defect*

A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user or consumer without substantial change affecting that condition.

A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 10

A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous even though all possible care was exercised in the preparation and sale of the product.

**Authority:** Florida Standard Civil Jury Instruction 403.8—Strict Liability Failure To Warn; *id.* at Note 2 ("When strict liability and negligent failure to warn claims are tried together, to clarify differences between them it may be necessary to add language to the strict liability instruction to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product.") (citing RESTATEMENT (SECOND) TORTS, § 402A(2)(a)).

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 11

Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer or manufacturer would use under like circumstances. Negligence is doing something that a reasonably careful designer or manufacturer would not do under like circumstances or failing to do something that a reasonably careful designer or manufacturer would do under like circumstances.

**Authority:** Florida Standard Civil Jury Instruction 403.9—Negligence

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 12

Reasonable care on the part of Defendant Woodstream requires that Defendant Woodstream give appropriate warnings about particular risks of the Mosquito Magnet which Defendant Woodstream knew or should have known are involved in the reasonably foreseeable uses of the product.

**Authority:** Florida Standard Civil Jury Instruction 403.10—Negligent Failure to Warn

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>PLAINTIFF'S PROPOSED FINAL INSTRUCTION 13</u>

The malfunction of a product during normal use may, upon consideration of

all the evidence, give rise to an inference of product defect.

**Authority**: *Kaplan v. Daimlerchrysler*, A.G., 02-13223, 2003 WL 22023315, at *3
(11th Cir. 2003); *Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1148 (Fla. 1st DCA
1981).

## AGREED REQUESTED FINAL INSTRUCTION 14

*a. Legal cause generally:*

A defect in a product is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, but for the defect, the injury would not have occurred.

*b. Concurring cause:*

In order to be regarded as a legal cause of injury, a defect in a product need not be the only cause. A defect in a product may be a legal cause of injury even though it operates in combination with some other cause if the defect contributes substantially to producing such damage.

**Authority:** Florida Standard Civil Jury Instruction 403.12—Legal Cause

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 15

The issues you must decide on Mr. McCool's claim against Woodstream are:

*a. Strict Liability - Manufacturing Defect:*

whether the Mosquito Magnet was made differently than its intended design and thereby failed to perform as safely as intended and the Mosquito Magnet reached Mrs. McCool without substantial change affecting the condition and, if so, whether that failure was a legal cause of the death of Mrs. McCool.

*b. Strict Liability - Design Defect:*

whether the Mosquito Magnet failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer and the Mosquito Magnet reached Mrs. McCool without substantial change affecting the condition and, if so, whether that failure was a legal cause of the death of Mrs. McCool.

*c. Strict Liability - Failure to Warn:*

whether the foreseeable risks of harm from the Mosquito Magnet could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made the Mosquito Magnet unreasonably

dangerous and, if so, whether that failure was a legal cause of the death of Mrs. McCool.

### d. *Negligence:*

whether Woodstream was negligent in the design of the Mosquito Magnet, and, if so, whether that was a legal cause of the death of Mrs. McCool.

### e. *Negligent Failure to Warn:*

whether Woodstream negligently failed to warn about particular risks involved in the use of the Mosquito Magnet, and, if so, whether that failure to warn was a legal cause of the death of Mrs. McCool.

**Authority:** Florida Standard Civil Jury Instruction 403.15—Issues on Main Claim

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION 15</u>

The issues you must decide on Mr. McCool's claim against Woodstream are:

*a. Strict Liability - Manufacturing Defect:*

whether the Mosquito Magnet was made differently than its intended design and thereby failed to perform as safely as intended and the Mosquito Magnet reached Mrs. McCool without substantial change affecting the condition and, if so, whether that failure was a legal cause of the death of Mrs. McCool.

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 16

If the greater weight of the evidence does not support one or more of Mr.

McCool's claims against Defendant Woodstream, your verdict should be for

Woodstream on those claims.

**Authority:** Florida Standard Civil Jury Instruction 403.17—Burden of Proof on
Main Claim

## DEFENDANT'S PROPOSED FINAL INSTRUCTION 16

If the greater weight of the evidence does not support Mr. McCool's claim

against Defendant Woodstream, your verdict should be for Woodstream.

**Authority:** Florida Standard Civil Jury Instruction 403.17—Burden of Proof on
Main Claim

## DEFENDANT'S PROPOSED FINAL INSTRUCTION 17

If, however, the greater weight of the evidence supports Mr. McCool's claim, then you shall consider the defense raised by Defendant.

On the defense, the issues for you to decide are:

*a. Comparative Negligence:*

whether Plaintiff or Mrs. McCool was negligent in the maintenance and use of the Mosquito Magnet and, if so, whether that negligence was a contributing legal cause of the injury or damage to Mrs. McCool.

**Authority:** Florida Standard Civil Jury Instruction 403.18—Defense Issues

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## PLAINTIFF'S PROPOSED FINAL INSTRUCTION 18

If the greater weight of the evidence does not support Defendant's defense and the greater weight of the evidence supports one or more of Mr. McCool's claims, then your verdict should be for Plaintiff in the total amount of his damages.

**Authority:** Florida Standard Civil Jury Instruction 403.19—Burden of Proof on Defense Issues

## DEFENDANT'S PROPOSED FINAL INSTRUCTION 18

If the greater weight of the evidence does not support any of Woodstream's defenses and the greater weight of the evidence supports Mr. McCool's claim, then your verdict should be for Plaintiff. If, however, the greater weight of the evidence shows that both Mrs. McCool and Woodstream were at fault and that the fault of each contributed as a legal cause of Mrs. McCool's death, you should decide and write on the verdict form what percentage of the total fault of all parties to this action was caused by each of them.

**Authority:** Florida Standard Civil Jury Instruction 403.19—Burden of Proof on Defense Issues

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>PLAINTIFF'S PROPOSED FINAL INSTRUCTION 19</u>

If your verdict is for Defendant, you will not consider the matter of damages. But if the greater weight of the evidence supports Mr. McCool's claims, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows the estate of Mrs. McCool and her survivors sustained as a result of her injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.

**Authority:** Florida Standard Civil Jury Instruction 502.1—Wrongful Death Damages: Introduction

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION 19</u>

If your verdict is for Woodstream, you will not consider the matter of damages. But if the greater weight of the evidence supports Mr. McCool's claim, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows the estate of Mrs. McCool and her survivors sustained as a result of her injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.

**Authority:** Florida Standard Civil Jury Instruction 502.1—Wrongful Death Damages: Introduction

## AGREED REQUESTED FINAL INSTRUCTION 20

*ELEMENTS FOR ESTATE:*

In determining the damages recoverable on behalf of Mrs. McCool's estate, you shall consider the following elements:

*a.   Lost earnings:*

The estate's loss of earnings of Mrs. McCool from the date of injury to the date of death, [less any amount of monetary support you determine a survivor lost during that period].

*b.   Lost accumulations:*

The estate's loss of net accumulations: "Net accumulations" is the part of Mrs. McCool's net income from salary or business after taxes, including pension benefits, which Mrs. McCool, after paying her personal expenses and monies for the support of her survivors, would have left as part of her estate if she had lived her normal life expectancy.

*c.   Medical or funeral expenses:*

Medical or funeral expenses due to Mrs. McCool's injury or death which have become a charge against Mrs. McCool's estate.

*ELEMENTS FOR SURVIVING SPOUSE,*

*CHILD OR PARENTS OF CHILD:*

In determining any damages to be awarded Mrs. McCool's personal representative for the benefit of Mrs. McCool's surviving spouse and children, you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:

d.   *Damages of surviving spouse:*

The husband's loss of Mrs. McCool's companionship and protection, and his mental pain and suffering as a result of Mrs. McCool's injury and death. In determining the duration of the losses, you may consider the joint life expectancy of Mrs. McCool and Mr. McCool together with the other evidence in the case.

e.   *Damages by surviving child:*

The loss by Connor McCool, Kelsey McCool, Bryan McCool, and Shannon McCool of parental companionship, instruction and guidance, and their mental pain and suffering as a result of Mrs. McCool's injury and death. In determining the duration of those losses, you may consider the joint life expectancy of Mrs.

McCool and each of her surviving children together with the other evidence in the case.

## ELEMENTS FOR SURVIVORS, INCLUDING SURVIVING SPOUSE, CHILD OR PARENTS OF CHILD:

In determining any damages to be awarded Mrs. McCool's personal representative for the benefit of each of Mrs. McCool's survivors, Daniel McCool, Connor McCool, Kelsey McCool, Bryan McCool, and Shannon McCool, you shall consider the following elements:

g.    *Lost support and services:*

The survivors', Daniel McCool, Connor McCool, Kelsey McCool, Bryan McCool, and Shannon McCool's, loss, by reason of Mrs. McCool's injury and death, of Mrs. McCool's support and services. In determining the duration of any future loss, you may consider the joint life expectancy of the survivors and Mrs. McCool and the period of minority, ending at age 25, of a healthy minor child.

In evaluating past and future loss of support and services, you shall consider the survivor's relationship to Mrs. McCool, the amount of Mrs. McCool's probable net income available for distribution to the survivor and the replacement value of Mrs. McCool's services to the survivors. "Support" includes contributions in kind

as well as sums of money. "Services" means tasks regularly performed by Mrs. McCool for a survivor that will be a necessary expense to the survivor because of Mrs. McCool's death.

h.   *Medical and funeral expenses paid by survivor:*

Medical or funeral expenses due to Mrs. McCool's injury or death paid by any survivor.

**Authority:** Florida Standard Civil Jury Instruction 502.2—Wrongful Death Damages: Elements for Estate and Survivors

## <u>AGREED REQUESTED FINAL INSTRUCTION 21</u>

Any damages that you find were sustained by Mrs. McCool's estate and by

Daniel McCool, Connor McCool, Kelsey McCool, Bryan McCool, and Shannon

McCool shall be separately stated in your verdict.

**Authority:** Florida Standard Civil Jury Instruction 502.3—Wrongful Death
Damages of Estate and Survivors: Separate Awards for Estate and Survivors

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>DEFENDANT'S PROPOSED FINAL INSTRUCTION 22</u>

In determining the total amount of damages to Mrs. McCool's estate and her survivors as a result of her injury and death, you should not make any reduction because of the negligence, if any, of Mrs. McCool or any other person. The court will enter a judgment based on your verdict and, if you find that Mrs. McCool or any other person was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by Mrs. McCool or any other person.

**Authority:** Florida Standard Civil Jury Instruction 502.5—Comparative Negligence

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED FINAL INSTRUCTION 23</u>

*a.    Personal representative claiming damages for benefit of decedent's estate:*

In determining how long Mrs. McCool would have lived, had she lived out her normal life, you may consider her life expectancy at the time of her death. The mortality tables received in evidence may be considered in determining how long she may have been expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on her health, age and physical condition, before her injury and death, in determining the probable length of her life.

*b.    Personal representative claiming damages for loss to survivor:*

In determining the duration of any future loss sustained by Daniel McCool, Connor McCool, Kelsey McCool, Bryan McCool, and Shannon McCool by reason of the death of Mrs. McCool, you may consider the joint life expectancy of Daniel McCool, Connor McCool, Kelsey McCool, Bryan McCool, and Shannon McCool and Mrs. McCool. The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

**Authority:** Florida Standard Civil Jury Instruction 502.6—Mortality Tables

## <u>AGREED REQUESTED FINAL INSTRUCTION 24</u>

Any amount of damages which you allow for loss of earnings and the estate's loss of net accumulations, should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mrs. McCool's estate for these losses as they are actually experienced in future years.

**Authority:** Florida Standard Civil Jury Instruction 502.7—Reduction of Damages to Present Value

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED FINAL INSTRUCTION 25</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** 11th Circuit Pattern Instructions—3.8.1 Duty to Deliberate when Only the Plaintiff Claims Damages

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## <u>AGREED REQUESTED FINAL INSTRUCTION 26</u>

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority:** 11th Circuit Pattern Instructions—3.9 Election of Foreperson, Explanation of Verdict Form

## IV.   SPECIAL INSTRUCTIONS

### DEFENDANT'S PROPOSED SPECIAL INSTRUCTION 1

You have heard testimony about evidence which the Plaintiff, Daniel McCool and his attorney, having custody failed to produce, or preserve. Defendants have argued that this evidence was in Plaintiff, Daniel McCool and his attorney's control and would have proven facts material to the issue of a product defect.

If you find that this evidence was then within Plaintiff, Daniel McCool and his attorney's control that Plaintiff, Daniel McCool or her attorney could have preserved this evidence so that it was available for the parties in preparing for trial in this case, and that this evidence would have been material in deciding the facts in dispute in this case, then you are permitted, but are not required, to infer that the evidence would have been damaging to Plaintiff, Daniel McCool.

Any inference you decide to make should be based on all of the facts and circumstance in this case.

*Golden Yachts, Inc. v. Hall*, 920 So.2d 777 (Fla. 4th DCA 2006); *Martino v. Wal-Mart Stores, Inc.*, 908 So. 2d 342 (Fla. 2005). *Osmulski v. Oldsmar Fine Wine, Inc.*, 93 So. 3d 389, 394-95 (Fla. 2d DCA 2012).

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## DEFENDANT'S PROPOSED SPECIAL INSTRUCTION 2

Evidence of other accidents may only be considered as proof of the existence of a dangerous condition in the product if the Plaintiff establishes by a preponderance of the evidence that the other accident occurred under substantially similar circumstances, conditions, and causes to the accident in dispute. Such accidents must have occurred under conditions/circumstances at a place substantially similar to the accident in dispute. The evidence of similar accidents must have a tendency to establish a dangerous or defective condition at the place in question, and must not be too remote in time to the accident or condition in question.

*Rodriguez v. Loxahatchee Groves Water Control Mgmt. Dist.*, 636 So. 2d 1348, 1349 (Fla. 4th DCA 1994). *Hessen for Use & Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990).

McCool v. Woodstream, et. al.
Case No.: 9:15-cv-80504 RLR

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION 2

Evidence of the lack of prior accidents may be considered as proof of the nonexistence of a dangerous condition in the product only if the Defendant establishes by a preponderance of the evidence that the lack of prior accidents occurred with regard to substantially identical products used under substantially similar circumstances, conditions, and causes to the accident in dispute; that Defendant would have known of such prior accidents had they occurred; and that the number of other substantially identical units sold and the extent of their prior use under substantially similar circumstances is such that the dangerous condition could have been expected to occur at an earlier time.

**Authority:** *Forrest v. Beloit Corp.*, 424 F.3d 344, 358 (3d Cir. 2005).